# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**JORGE LUIS MEJIA**                                        **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 3:10-CV-P771-C**

**JEFF TINDALL et al.**                                     **DEFENDANTS**

## OPINION AND ORDER

The plaintiff, a pretrial detainee, has filed a civil-rights complaint against the Oldham County Jail and several of its employees. He also has filed a "Motion for Restraining Orders," which the court will deny for the following reasons.

The complaint alleges that Deputy Tindall discriminated against him because he is Mexican and violated the Eighth Amendment when he rudely ripped his blanket off while he was sleeping and denied him a "washrag" after a "cell shakedown"; that his property was taken, including his radio, boxes, addresses and colored pencils, and never returned and that he was erroneously charged $75 for a mattress; and that Anita, the cook, made anti-Hispanic racial slurs in secret to another inmate. Finally he alleges that "Oldham County Jail refuses to provide translator and throws away grievance form when they are even provided. The jail is nasty, dirty, no bleach is provided, and I got staph infections that were not properly dealt with."

In his motion, the plaintiff asserts that "[g]iven severity of allegations of racism and harassment in Complaint, Plaintiff Mejia declares that full and complete

restraining orders are the only remedy to ensure that Defendants cannot continue these transgressions while this action is open." In particular, he asserts "[a] complete restraining Order against Anita is necessary as she handles Plaintiff Mejia's food and could tamper with it." He additionally states that "Defendant Tindall has physically harassed Plaintiff Mejia in December 2010" and that "Defendant Cathy Jones has authority to isolate and further inflict undue harm upon Plaintiff if not restrained from such conduct." He asks for restraining orders against all of the defendants so they will not retaliate against him for initiating this action.

The court interprets the plaintiff's "Motion for Restraining Orders" to be a request for a preliminary injunction. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't.*, 305 F.3d 566, 573 (6th Cir. 2002). "There are four factors that are particularly important in determining whether a preliminary injunction is proper: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served." *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk Southern Corp.*, 927 F.2d 900, 903 (6th Cir. 1991). The Court must balance these four criteria, with the degree of proof necessary for each factor depending on the strength of the

plaintiff's case on the other factors. *Golden v. Kelsey-Hayes Co.,* 73 F.3d 648, 657 (6th Cir. 1996). The district court is required to make findings concerning all four of these factors unless fewer factors dispose of the issue. *Int'l Longshoremen's Ass'n,* 927 F.2d at 903.

Here, the plaintiff's motion does not show the existence of immediate and irreparable injury. To establish immediate and irreparable injury there must be an actual, viable, presently existing threat of serious harm. *Mass. Coalition of Citizens with Disabilities v. Civil Defense Agency and Office of Emergency Preparedness of the Commonwealth of Mass.,* 649 F.2d 71, 74 (1st Cir. 1981). The plaintiff must show injury that is not remote or speculative, but is actual and imminent. *United States v. W. T. Grant Co.,* 345 U.S. 629, 633 (1953); *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). The plaintiff does not do so here. For example, in his motion, he merely speculates that "Anita" *could* tamper with his food because she is the cook. He also speculates that Jones *could* isolate and harm him because she has the authority to do so.

Because the plaintiff fails to show the existence of any immediate threat of serious harm, his motion (DN 4) is **DENIED**. <u>The clerk of court is directed to send a copy of this memorandum opinion and order to the plaintiff.</u>

Signed on January 14, 2011

**Jennifer B. Coffman, Judge**
**United States District Court**

3

4