# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

JORGE LUIS MEJIA                                                 PLAINTIFF

v.                                         CIVIL ACTION NO. 3:10-CV-P771-C

JEFF TINDALL et al.                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The plaintiff, Jorge Luis Mejia, proceeding without representation, filed an *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

### I. SUMMARY OF CLAIMS

The plaintiff, a pretrial detainee at the Oldham County Jail, sues in their individual and official capacities the following Oldham County Jail employees: Deputy Jeff Tindall, Major Cathy Jones, and Jessica Childress, who he describes as an "accountant." He also sues in her individual capacity the Jail's cook, Anita, last name unknown, and Oldham County Jail itself. The complaint alleges that Deputy Tindall discriminated against him because he is Mexican and has violated the Eighth Amendment by inflicting emotional damage when he rudely ripped the blanket off of the plaintiff while he was sleeping and denying him a "washrag" after a "cell shakedown."

The plaintiff also alleges that Major Jones took his property in September

2010, including his radio, boxes, addresses, and colored pencils, and never returned it. He further alleges that she charged him $75 for a mattress that she said he ripped, but which he says was already ripped. He states that Jessica Childress, the Jail's accountant, is the one who actually deducted from his account the $75 per Major Jones's order. The plaintiff alleges that Anita, the cook, made anti-Hispanic racial slurs in secret to another inmate, whispering "'this Mexican needs to go back to Mexico.'" Finally he alleges that "Oldham County Jail refuses to provide translator and throws away grievance form when they are even provided. The jail is nasty, dirty, no bleach is provided, and I got staph infections that were not properly dealt with. This violates 8th Amendment. This jail is racist and anti-Hispanic." As relief, he asks for monetary and punitive damages and to be moved to another facility.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the

factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Claims against Tindall***

The plaintiff alleges that Deputy Tindall discriminated against him because he is Mexican and has violated the Eighth Amendment's prohibition against cruel and unusual punishment by inflicting emotional damage when he rudely ripped the plaintiff's blanket off while he was sleeping and by denying him a "washrag" after a "cell shakedown."

The Eighth Amendment's prohibition against cruel and unusual punishment prohibits the wanton and unnecessary infliction of pain upon prisoners. *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986). However, "[i]solated incidents resulting in only emotional harm are often de minimis and fail to state a claim under 42 U.S.C. § 1983." *Randolph v. Dormire*, No. 09-4057-CV-C-NKL, 2009 WL 3401139, at *2 (W.D. Mo. Oct. 20, 2009). Where the discomfort is brief and minor, it does not rise to the level of a constitutional violation. *Bledsaw v. Simpson*, No. 93-1984EA, 1994 WL 162425, at *1 (8th Cir. May 3, 1994) (per curiam) (citing *Whitnack v. Douglas County*, 16 F.3d 954, 956-58 (8th Cir. 1994)). According to the plaintiff, Tindall did not physically harm him, or even touch him. The plaintiff does not allege

3

any harm from having the blanket pulled off him while he was sleeping or from being denied a washrag. This claim will be dismissed by separate order.

The plaintiff also alleges that Tindall throws his grievances away. An inmate grievance procedure within the prison system is not constitutionally required. *See United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114, 163 (S.D.N.Y. 1977), *aff'd sub nom*, *Wolfish v. Levi*, 573 F.2d 118 (2nd Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520 (1979); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986); *O'Bryan v. County of Saginaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977). If the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right. *Spencer*, 638 F. Supp. at 316. The plaintiff has no right to an effective grievance procedure. *Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991). Therefore, a failure to follow the grievance procedures does not give rise to a § 1983 claim. *Id.*; *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Thus, the plaintiff's claim that Tindall throws away his grievances must be dismissed.

***Claim against Jones and Childress for taking his property***

The plaintiff alleges that his personal property was taken by Major Jones and that Childress deducted $75 from his account for a mattress that he did not rip. A prisoner claiming an unauthorized, intentional deprivation of property in violation of the Due Process Clause must show that state post-deprivation remedies are

inadequate. *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). Kentucky has adequate post-deprivation remedies for the confiscation or destruction of property, such as a tort action for conversion against individual defendants. *See Wagner v. Higgins*, 754 F.2d 186, 192 (6th Cir. 1985). Consequently, the plaintiff's claim against Jones and Childress must be dismissed.

**Claim against Anita, the cook**

The plaintiff claims that Anita made anti-Hispanic remarks about him to another inmate. The Eighth Amendment, prohibiting cruel and unusual punishment, is concerned only with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). Harassing or degrading language by a prison official, although unprofessional and despicable, does not amount to a constitutional tort. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, Civil No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Even "[t]he occasional use of racial slurs, 'although unprofessional and reprehensible, does not rise to the level of

5

constitutional magnitude.'" *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (quoting *Corsetti v. Tessmer*, 41 F. App'x 753, 755-56 (6th Cir. 2002)). Therefore, Mejia may not recover damages under the Eighth Amendment for the alleged racial slurs, and this claim will be dismissed.

***Claim against Oldham County Jail***

The plaintiff alleges that "Oldham County Jail refuses to provide translator and throws away grievance form when they are even provided. The jail is nasty, dirty, no bleach is provided, and I got staph infections that were not properly dealt with. This violates 8th Amendment. This jail is racist and anti-Hispanic."

Oldham County Jail is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). Oldham County is the proper defendant in this case. *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Oldham County is a "person" for purposes of § 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claims against Oldham County Jail as

claims brought against Oldham County.

When a § 1983 claim is made against a municipality, like Oldham County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex*., 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

With regard to the plaintiff's claim concerning a translator, the plaintiff simply asserts that the Jail refuses to provide one; he does not allege that he was harmed in any way from the lack of a translator. Courts have found that there is no constitutional right to an interpreter whenever a non-English-speaking prisoner seeks medical care or when such a prisoner wishes to attend vocational training. *See Rodriguez-Ramirez v. Helder*, No. Civ. 06-5062, 2007 WL 2752362, at *10 (W.D. Ark. Sept. 20, 2007) (court remarked it knew of no statutory or constitutional requirement that Spanish-speaking prisoner must be provided a certified translator throughout his incarceration); *Escobar v. Garraghty*, No. Civ.A. 2:02CV132, 2002 WL 31953499, at *3 (E.D. Va. April 10, 2002) (district court found that prisoner did not have constitutional right to interpreter when seeking medical treatment). Here, the plaintiff has not alleged that he needed a translator to engage in a particular activity much less that the lack of a translator has harmed him. His claim will be dismissed.

The plaintiff also simply asserts that Oldham County Jail is "racist and anti-

Hispanic." The plaintiff does not allege how the jail is racist, and the court is not required to accept conclusory and unsupported statements. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Moreover, as already discussed, if his allegation is premised on the remark allegedly made by Anita, the cook, such an isolated remark does not rise to the level of a constitutional wrong.

The court will allow the plaintiff's claim that the jail is dirty, thereby causing him staph infections which were not properly treated, to go forward against Oldham County Jail.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the claims against Deputy Tindall, Major Jones, Jessica Childress, and Anita are **DISMISSED** with prejudice for failure to state a claim within the meaning of 28 U.S.C. § 1915A(b)(1). The clerk of court is **DIRECTED** to terminate those parties as defendants in this action.

The court will allow the plaintiff's claim that the jail is dirty, causing him to contract staph infections which were not properly treated, to go forward. In doing so the court expresses no opinion as to the ultimate merit of that claim. A separate order governing the development of that claim will be entered.

The clerk of court is directed to serve the plaintiff, the defendants, and the Oldham County Attorney with a copy of this opinion and order.

Signed on  March 21, 2011

Jennifer B. Coffman, Judge
United States District Court